UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

**AUDUBON SOCIETY OF PORTLAND, OREGON WILD,** and **WATERWATCH OF OREGON,**

        Plaintiffs,

           v.

**SALLY JEWELL,** Secretary of the Department of the Interior; **DANIEL M. ASHE,** Director of United States Fish and Wildlife Serve; **UNITED STATES FISH AND WILDLIFE SERVICE;** an Administrative Agency of the United States Department of the Interior,

        Defendants.

CASE NO. 1:14-cv-00675-CL

**ORDER ON LIABILITY AND SCHEDULE FOR BRIEFING OF REMEDY**

This matter is before the Court on the parties' Joint Status Report for Scheduling Conference, and the Magistrate Judge's recommendation addressing such Status Report. Being fully informed of the premises, the Court issues the following order:

This action is filed under Section 706 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, alleging that Federal Defendants have failed to take action required by law. Plaintiffs allege that Federal Defendants have not developed and implemented comprehensive conservation plans ("CCP") for five National Wildlife Refuges ("NWR") within the Klamath Basin NWR Complex ("Klamath Complex") including, Lower Klamath, Upper Klamath, Tule Lake, Clear Lake, and Bear Valley NWRs under the National Wildlife Refuge System Administration Act ("Refuge Act"), 16 U.S.C. § 668dd. Plaintiffs allege that Federal Defendants, with respect to these five NWRs, failed to comply with the mandatory,

nondiscretionary deadline in 16 U.S.C. § 668dd(e)(1)(B) to develop and implement a comprehensive conservation plan for each unit of the National Wildlife Refuge system "within 15 years after the date of enactment of the National Wildlife Refuge System Improvement Act of 1997 [enacted October 9, 1997]." Plaintiffs seek an order declaring that FWS failed to comply with their statutorily-mandated duty to prepare a CCP for each NWR unit in violation of the Refuge Act and the Administrative Procedure Act, 5 U.S.C. § 706(1) ("APA"), and an order requiring FWS to prepare and implement the required CCPs by a certain date.

Federal Defendants do not dispute that, under the facts and circumstances of this case, the FWS has not complied with the mandatory and nondiscretionary deadlines in the Refuge Improvement Act for preparation by October 9, 2012 of a CCP for the NWRs at issue in this litigation. As a result, the only issue that will need to be resolved in this case is the nature of any remedy that the Court should mandate in light of this circumstance. The Court therefore orders as follows:

1.      The Court hereby ORDERS AND DECLARES that Federal Defendants have violated a mandatory and nondiscretionary deadline in the Refuge Improvement Act for preparation of a CCP by October 9, 2012 for the five NWRs at issue in this litigation, which constitutes action unlawfully withheld under the Section 706(1) of the Administrative Procedure Act, 5 U.S.C. § 706(1).

2.      The Parties are ordered to brief the question of nature of any remedy that the Court should mandate as follows:

A.      Federal Defendants shall lodge the administrative record by manually filing with the court a DVD containing those documents and shall file a motion seeking leave to add any supplemental declarations, , no later than **October 17, 2014**.

B.    Plaintiffs shall file any motion to supplement the administrative record and/or seeking leave to serve discovery no later than **November 17, 2014.**  Any such motion will be briefed in accordance with the local rules.

C.    Plaintiffs and Federal Defendants shall file their separate cross-motions for summary judgment on the question of the nature of any remedy that the Court should mandate no later than **thirty-five days** after any order by the Court resolving any motion to supplement the administrative record, or no later than **thirty-five days** after Federal Defendants serving responses to any discovery requests authorized by the order of the Court, whichever is later.  If Plaintiffs do not file any motion to supplement the administrative record and/or seeking leave to serve discovery, the parties shall file their separate cross-motions for summary judgment no later than **December 5**.

D.    Plaintiffs and Federal Defendants shall each file their opposition brief no later than **thirty days** after the parties file their cross-motions for summary judgment.

Dated this *18* day of August, 2014

_____
United States District Judge

Presented on this 12th day of August, 2014

| | |
|---|---|
| */s/ Christopher G. Winter*<br><br>Christopher G. Winter, OSB # 984355<br>Tel: (503) 525-2725<br>Email: chris@crag.org<br>Maura C. Fahey, OSB # 133549<br>Tel: (503) 525-5722<br>Email: maura@crag.org<br>Crag Law Center<br>917 SW Oak St., Suite 417<br>Portland, Oregon 97205<br>Fax (503) 296-5454<br><br>Quinn Read, Pro hac vice pending<br>Tel: (503) 283-6342 (x226)<br>Email: qr@oregonwild.org<br>Oregon Wild<br>5825 N. Greely Ave.<br><br>*Attorneys for Plaintiffs* | S. AMANDA MARSHALL<br>United States Attorney<br>STEPHEN ODELL<br>Assistant United States Attorney<br>District of Oregon<br>600 United States Courthouse<br>1000 S.W. Third Avenue<br>Portland, OR 97204-2902<br>Tel: (503) 727-1000<br>SAM HIRSCH, Acting Assistant Attorney<br>General<br><br>*/s/ Romney S. Philpott*<br>ROMNEY S. PHILPOTT<br>Natural Resources Section<br>Environment & Natural Resources Division<br>U.S. Department of Justice<br>Washington, DC 20044-7611<br>(202) 305-0258 (Tel.); (202-305-0506 (Fax)<br>Email: Romney.Philpott @usdoj.gov<br><br>*Attorneys for Federal Defendants* |